**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL MURPHY COSTON, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> E. CLARK, Medical Doctor at Corcoran State Prison; et al., <br><br> Defendants-Appellees. | No. 17-17016 <br><br> D.C. No. 1:14-cv-00148-AWI-MJS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted July 10, 2018[**]

Before:     CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Daniel Murphy Coston, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2004), and we affirm.

The district court properly granted summary judgment because Coston failed to raise a genuine dispute of material fact as to whether defendant Yu was deliberately indifferent in his treatment of Coston's health condition. *See id*. at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

Contrary to Coston's contention, the district court did not err by entering summary judgment sua sponte against Coston because Coston put his deliberate indifference claim at issue by moving for summary judgment. *See Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) ("Even when there has been no cross-motion for summary judgment, a district court may enter summary judgment sua sponte against a moving party if the losing party has had a full and fair opportunity to ventilate the issues involved in the matter." (citation and internal quotation marks omitted omitted)).

**AFFIRMED.**